955 So.2d 708 (2007)
Louis MARCOTTE
v.
PROGRESSIVE SECURITY INSURANCE COMPANY.
No. 2006-CA-1368.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 2007.
Timothy J. Falcon, Jeremiah A. Sprague, Falcon Law Firm, Marrero, LA, for Plaintiff/Appellant.
Charles V. Giordano, Tasha W. Hebert, Hebbler & Giordano, LLC, Metairie, LA, for Defendant/Appellee.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR.).
DAVID S. GORBATY, Judge.
Plaintiff Louis Marcotte appeals a summary judgment granted in favor of Progressive Security Insurance Company. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Louis Marcotte (hereinafter Mr. Marcotte) was involved in a vehicular accident on January 30, 2005, while riding his 2004 Vespa on Tchoupitoulas Street in New Orleans. He settled his claims with the offending driver, and with Progressive Security Insurance Company (hereinafter Progressive), under a policy of insurance providing uninsured motorist/underinsured motorist (UM/UIM) coverage for the Vespa. The record reflects that the Progressive policy covering the Vespa only is numbered XXXXXXXX-X.
On January 20, 2006, Mr. Marcotte filed the instant suit against Progressive seeking recovery under a UM/UIM provision included in a policy issued by Progressive, *709 Policy No. 18268902-1, which covers a 2002 BMW owned by Mr. Marcotte. Mr. Marcotte argues that he had but one insurance policy covering both vehicles, and that the form he signed for UM/UIM coverage did not designate that it applied only to the Vespa and not the BMW.
Progressive filed a motion for summary judgment arguing that there were no genuine issues of fact that the policy of insurance issued to Mr. Marcotte for coverage of his BMW did not afford UM/UIM coverage for this accident. After hearing, the trial court granted summary judgment in favor of Progressive, and Mr. Marcotte's appeal followed.
LAW AND ANALYSIS:
Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. Champagne v. Ward, 03-3211, p. 4 (La.1/19/05), 893 So.2d 773, 776. The mover bears the burden of proof. La.Code Civ. Proc. art. 966(C)(2). If the mover meets this initial burden, the burden then shifts to the other party to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. Richard v. Hall, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137. Thereafter, if the non-moving party fails to meet this burden, there is no genuine issue of material fact and the mover is entitled to summary judgment as a matter of law. Id. The Supreme Court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. Jones v. Estate of Santiago, 03-1424, p. 6 (La.4/14/04), 870 So.2d 1002, 1006 (citing Smith v. Our Lady of the Lake Hosp., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A "material fact" is one as to which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Id.
Mr. Marcotte argues that although he had issued to him two separate declarations pages for two separate vehicles, the Vespa and the BMW, he only had one insurance policy. Mr. Marcotte argues that the contract (policy) between the parties is Form 9608, and that numerous terms contained in the contract are ambiguous and susceptible to various interpretations, making it impossible for the policyholder to understand just what coverage applies. Thus, because Progressive is the writer of the contract, the contract should be interpreted in favor of Mr. Marcotte.
Progressive counters that Mr. Marcotte's argument that he was issued one policy for both vehicles is nonsensical because the contract, Form 9608, clearly and unambiguously indicates that the terms of the contract will be applied according to the declaration sheet issued for each vehicle. The declaration sheet details what vehicle(s) is covered, and the coverage types and limits of liability for that vehicle(s). Mr. Marcotte was issued two separate declaration sheets, one for a policy covering his Vespa and one for a policy covering his BMW. He has already recovered under the UM/UIM provisions for the policy covering his Vespa. Thus, to allow him to recover under the policy covering his BMW would violate Louisiana's anti-stacking statutes.
In Petti v. Ordon, 04-1659 (La. App. 4 Cir. 11/10/04), 888 So.2d 1064, this Court stated:
An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code. Louisiana Ins. Guar. *710 Ass'n v. Interstate Fire & Cas. Co., 93-0911 (La. 1/14/94), 630 So.2d 759. The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent. La.C.C. art. 2045.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar. Ass'n, 630 So.2d at 763 (collecting cases). Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume. Id.

Yet, if the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. La. C.C. art. 2046. When the language of an insurance policy is clear, courts lack the authority to change or alter its terms under the guise of interpretation. Louisiana Ins. Guar. Ass'n, 630 So.2d at 764.
Petti, 04-1659 at pp. 10-11; 888 So.2d at 1069-70, citing Magnon v. Collins, 98-2822, pp. 6-7 (La.7/7/99), 739 So.2d 191, 196. Further, "[t]he rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed, or to refine away the terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements, compliance with which is made the condition of liability thereon." Commercial Union Ins. Co. v. Advance Coating Co., 351 So.2d 1183, 1185 (La.1977).
The notion of "stacking" is derived from La. R.S. 22:1406(D)[1], which provides in pertinent part:
(1)(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
*711 The language of the statute focuses on the action of a single insured seeking to recover under more than one UM policy. This is clearly what Mr. Marcotte is attempting to do. Mr. Marcotte wishes this Court to ignore the declaration sheets contained in the record that clearly and unambiguously detail the vehicle covered, the types of coverage and the limits of coverage. Additionally, he inserts into his argument a red herring, namely, the document indicating that he selected uninsured motorist/uninsured motorist bodily injury (UM/UMBI) coverage for his Vespa. He claims that there is no coverage limit stated, and that the form does not reflect to which policy it applies. Mr. Marcotte acknowledges that the form "purports" to show the Vespa policy number, but does not state that the selection only applies to the Vespa. To the contrary, a thorough reading of the form to which Mr. Marcotte refers clearly indicates that the UMBI coverage selected will have the same policy limits as the bodily injury liability coverage, which is clearly and unambiguously detailed on the declaration sheet for the Vespa, policy number XXXXXXXX-X.
We agree with the trial court that Mr. Marcotte is prohibited from stacking UM/UIM coverage based on the record evidence. Further, we find that Mr. Marcotte's situation is not covered by the exception to the anti-stacking statute, and provides that stacking is permitted if: (1) the injured party is occupying an automobile not owned by him; (2) the UM coverage on the vehicle in which the injured party was an occupant is primary; and (3) the primary UM coverage is exhausted due to the extent of damages. In that instance, the other uninsured motorist coverage available to the injured occupant is considered as excess insurance, under which the injured occupant may recover. Boullt v. State Farm Mut. Auto. Ins. Co., 99-0942, p. 7 (La.10/19/99), 752 So.2d 739, 743. All three conditions must be met for the exception to apply. Mr. Marcotte owned the vehicle on which he was injured; therefore, he cannot meet the first condition.
To reach the result desired by Mr. Marcotte, this Court would have to break every jurisprudential rule of contract interpretation. We decline to do so.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
CANNIZZARO, J., concurs in the result with reasons.
CANNIZZARO, J., concurs in the result with reasons.
I respectfully concur in the result reached in the majority opinion. I would not go so far, however, as to say that "[t]o reach the result desired by Mr. Marcotte, this Court would have to break every jurisprudential rule of contract interpretation."
NOTES
[1] Subsection D of La. R.S. 22:1406, was redesignated as La. R.S. 22:680 by § 3 of Acts 2003, No. 456, and pursuant to the statutory revision authority of the Louisiana State Law Institute.