977 So.2d 1089 (2008)
Dr. Donald GANIER, Jr., et al.
v.
SPECIALTY RISK ASSOCIATES, INC., et al.
Dr. Donald Ganier, Jr., et al.
v.
Singlewood Homes, Inc.
Nos. 2007-CA-1374, 2007-CA-1375.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 2008.
*1090 Thomas A. Gehnusa II, Joseph S. Piacun, Gennusa Piacun & Ruli, Metairie, LA, for Dr. Donald Ganier, Jr. & Pamela Ganier.
Steven W. Usdin, Stephen L. Miles, Barrasso Usdin Kupperman Freeman & Sarver, LLC, New Orleans, LA, for Chubb Custom Insurance Company.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III and Judge EDWIN A. LOMBARD).
JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiffs-appellants, Dr. Donald Ganier, Jr. and Mrs. Pamela Ganier, appeal the summary judgment dismissal of that portion of their claim directed against the defendant-appellee, Chubb Custom Insurance Company. We affirm.
The plaintiffs originally sued Specialty Risk Associates, Inc.; Chub Insurance Agency, Inc.; Louis Noah and Donna Monteleone, for obtaining homeowners and flood insurance that did not comport with their specific request for the maximum coverage available as a result of which the plaintiffs allegedly sustained substantial damages from Hurricane Katrina for which they find themselves uninsured.
Chubb Custom Insurance Company was added as a defendant in a supplemental petition based on allegations that "Chubb arbitrarily and capriciously denied Plaintiffs' claim on the grounds that the Policy contained a purported `wind exclusion' that allegedly precluded Plaintiffs from any recovery under the Policy for any damages related to wind/and/or wind driven water."
Appellate courts review summary judgment de novo, using the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 c/w 99-2257, p. 7 (La.2/29/2000), 755 So.2d 226, 230. The supporting documentation submitted by the parties should be scrutinized equally, and there is no longer any overriding presumption in favor of trial on the merits. Id., 99-2181, p. 7, 755 So.2d at 231.
The Supreme Court reinforced this position shortly thereafter in Independent Fire Ins. in Willis v. Medders, 00-2507, p. 1 (La.12/8/00), 775 So.2d 1049, 1050:
First, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 at pp. 16-17 (La.2/29/00), 755 So.2d 226, 236 (noting the court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion"); See also Hebert v. St. Paul *1091 Fire and Marine Ins. Co., 99-0333 (La. App. 4th. Cir.2/23/00), 757 So.2d 814.
Id.
In their original petition, the plaintiffs' allege that:
On or after August 29, 2005, Plaintiffs' Residence sustained significant wind driven water damage as a result of Hurricane Katrina.
In their opposition to Chubb's motion for summary judgment, the plaintiffs repeat this allegation verbatim.
This is the only Katrina related damage to their home alleged by the plaintiffs.
Any ambiguity in an insurance policy is to be strictly construed against the insurer and in favor of the insured. Peterson v. Schimek, 98-1712, p. 5 (La.3/299), 729 So.2d 1024, 1029. However, the rule of strict "construction of insurance contracts does not authorize a perversion of the words, or the exercise of inventive powers to create an ambiguity where none exists." Id.; Marcotte v. Progressive Sec. Ins. Co., 06-1368, p. 4 (La. App. 4 Cir. 3/21/07), 955 So.2d 708, 710. Nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed, or to refine away the terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties, and embodying requirements, compliance with which is made the condition of liability thereon. Id. This is an outgrowth of the general rule concerning the construction of contract language found in the Civil Code. La. C.C. art. 2056; Marcotte, supra; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759, 763. When language of the insurance policy is clear, courts lack authority to change or alter its terms under guise of interpretation. Id.
Courts should not strain to find ambiguity in an insurance policy where none exists. Mossy Motors, Inc. v. Cameras America, 04-0726, p. 5 (La.App. 4 Cir. 3/2/05), 898 So.2d 602, 606; New Orleans Property Dev. v. Aetna Cas., 93-0692 (La.App. 1 Cir.1994), 642 So.2d 1312, 1315; Strickland v. State Farm Insurance Companies, 607 So.2d 769, 772 (La.App. 1 Cir. 1992).
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar. Ass'n, supra, at 763. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume. Id.
In construing the language of an exclusionary clause in an insurance policy, courts must look to the general rule that exclusionary clauses are to be narrowly construed against the insurer and in favor of coverage. Capital Bank & Trust Co. v. Equitable Life Assur. Soc. Of the United States, 342 So.2d 494, 495 (La. 1989).
The Chubb policy contains an endorsement issued on December 21, 2004, (Form XX-XX-XXXX) near the back of the policy showing in the left hand column in oversized, boldface letters the title: "Exclusions." The "exclusions" are then described as follows:
Wind. We do not cover any loss caused by, contributed to, made worse by, or in any way resulting from any of the following:
 wind;

*1092  wind driven water, rain, snow, sleet, sand or dust;
 wind driven objects;
 collapse or the imminent collapse due to wind; or
 erosion due to any of the above.
These exclusions clearly exclude the type of loss alleged by the plaintiffs. The plaintiffs do not contend otherwise. Instead, they complain that the exclusions should not be enforced because they conflict with the statement on the "Coverage Summary" at the beginning of the policy which lists among the policy, coverages: "Water Damage INCLUDED." However, we note that in addition to the endorsement excluding wind driven water quoted above, there is also a long list of water exclusions found on Form XX-XX-XXXX, pp. B7-B8, not to mention the limits on water coverage referred to in Form XX-XX-XXXX, pp. B1-B2. It is clear that the water damage coverage is subject to the policy exclusions. Exclusions and limitations by their very nature provide exceptions to broader coverage provisions in policies. Thus, the existence of a general declaration of broad coverage does not preclude provisions restricting that coverage elsewhere in the policy, subject to the[1] proviso that they be clearly and unambiguously expressed. Moreover, we note that the two page quote for the policy sent to the plaintiffs prior to their decision to purchase the policy displayed on the first page thereof the term: "* *WIND EXCLUSION* *," thereby flagging the existence of the exclusion that the plaintiffs now complain was not adequately called to their attention.[2] Therefore, we are compelled to conclude that the policy provides water damage coverage subject to the unambiguous exclusions and limitations set forth in the policy. Accordingly, we find the exclusions for wind and wind driven water to be clear and unambiguous. Therefore, we find no error in the judgment of the trial court.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
JONES, J., dissents with reasons.
McKAY, J., dissents with reasons.
JONES, J:, dissents with reasons.
In the instant matter, the Ganiers assert that the district court erred as a matter of law by concluding that the policy unambiguously excluded coverage of their claims. They all, assert that Chubb was arbitrary and capricious in denying coverage of their claims.
The policy, argues the Ganiers, is ambiguous and is susceptible to multiple interpretations. They suggest that since they reasonably interpreted the policy to provide the losses covered by water and rain damage, to suggest otherwise would be nonsensical considering that they paid thousands of dollars per month in insurance premiums for their homeowners policy. As a matter of law, they assert that the policy must be construed in favor of *1093 providing coverage for their losses caused by the rain and water damage, and as a matter of law that judgment which granted Chubb's motion for summary judgment should be vacated.
Due to this ambiguity, the Ganier's argue, the policy must be construed to provide coverage for their claims. They also note that as a matter of law, the policy must be construed to provide coverage for the contents of their home. The Ganiers note that the policy states THIS IS YOUR CHUBB CUSTOM HOMEOWNERS POLICY, TOGETHER WITH YOUR COVERAGE SUMMARY, IT EXPLAINS YOUR COVERAGES AND OTHER CONDITIONS IN DETAIL. They assert that the coverage summary does not state that the policy contains a wind exclusion, or otherwise limit the water damage coverage. The policy identifies water coverage as:
Water damage amount of coverage.
If a water damage amount of coverage is listed in the Coverage Summary, that amount of coverage is the most we will pay for all loss to:
 your house;
 other permanent structures;
 contents, if contents coverage is provided under this policy;
 and valuable articles, if valuable articles coverage is provided under this policy,
under this Custom Homeowner Policy in any one 12-month period for all occurrences of covered loss in which:
 water escapes from an appliance, pool, or plumbing, or heating or A/C;
 water flows, discharges, leaks, or seeps or backs up from the sewer or drain;
 rain, snow, sleet, or ice is admitted directly into the building interior WHETHER DRIVEN BY RAIN OR NOT, through open doors, windows, sky lights, transoms, or ventilators, (emphasis added)
The Gainers maintain that Chubb's denial of coverage is based upon an endorsement contained in the second to last page of the policy. The endorsement specifically reads: "Wind. We do not cover any loss caused by, contributed to, made worse by or in any way resulting from any of the following: "wind driven rains, snow, sleet, sand, or dust." The Ganiers argue that this distinction is absurd, but that it is included in the policy.
Chubb argues that the policy it issued clearly excluded any loss "caused by, contributed to made worse by, or in any way resulting from . . . wind or wind driven water." Chubb asserts that the plaintiffs' loss was caused by the winds of Hurricane Katrina and that the district court correctly enforced the wind exclusion's unambiguous terms by granting summary judgment thereby dismissing the plaintiffs' claims against Chubb. Chubb notes that particularly the Ganiers' petition for damages and their first amended petition both specifically allege that their "residence sustained significant wind damage as a result of hurricane Katrina." Additionally Chubb asserts that the Ganiers submitted an affidavit in opposition to Chubb's motion for summary judgment in which Dr. Ganier specifically averred that "on or after August 29, 2005, [plaintiff's] residents for sustained damage caused by wind driven water as a result of hurricane Katrina."
Chubb asserts that the policy is not conflicted because the Ganiers' interpretation fails to read the policy as a whole in violation of La.C.C. art. 2050.[1] Chubb *1094 claims that when read together as the Civil Code requires, no conflict exists between the water damage coverage and wing exclusion.
Chubb maintains that the Ganier's now make a feeble attempt on appeal to create ambiguity in the insurance policy exclusion via injecting doubt into the "clear" provisions of the policy. Chubb asserts that this appeal is meritless and that the court should affirm the district court's granting of summary judgment. Additionally, to the extent that the Ganier's argue that their purported ignorance about the wind exclusion entitles them to coverage, Chubb asserts that such an argument is meritless. Chubb asserts that under Louisiana law the plaintiffs are deemed to know the provisions of their policy and the insured should be held to have read and know the liability limits plainly disclosed on the face of the policy and is presumed to know its terms.
The subject policy indicates that while there is a coverage of water damages, "wind driven or not", on page B-1, the conflicting and ambiguous exclusion is found on the endorsements page of the policy at Form-02-02-0492, which provides that the policy provided coverage:
Under:
 Custom Homeowners Deluxe House Coverage
 Custom Homeowners Deluxe Contents Coverage
 Custom Homeowners Standard Contents Coverage
 Custom Homeowners Valuable Articles Coverage
 Custom Homeowners Deluxe Condominium Coverage
 Custom Homeowners Standard Condominium Coverage
However, under the exclusions section of the policy immediately succeeding the provided coverage, the wind exclusion is listed:
EXCLUSIONS Wind. We do not cover any losses cause by, contributed to or made worse by, or in any way resulting from any of the following:
 Wind;
 Wind driven water, rain, snow, sleet, sand, or dust;
 Wind driven objects;
 Collapse or the imminent danger of collapse due to wind; or
 Erosion due to any of the above.
After reviewing the subject policy in the matter before this Court, and comparing the provisions concerning the contested coverage provided on p. B1 (under the section titled Water damage amount of coverage), and Form XX-XX-XXXX, which contains the exclusion on the endorsement page, there appears to be an ambiguity.
Chubb asserts that policy is not conflicted because the Ganiers failed to interpret the policy as a whole. In failing to do so, Chubb asserts that the Ganiers misunderstood the policy. Chubb maintains that the water damage coverage applies to water "ADMITTED DIRECTLY" into the property. Chubs states:
Clearly the water damage coverage only extends to what that enters through pre-existing openings which are left open, allowing rain to enter. By contrast the wind exclusion covers loss due to "wind" and wind driven water, rain, snow, sleet, sand, or dust."
Chubb argues that the policy does not address whether coverage is provided for wind-driven rain entering "open doors, *1095 windows, sky lights, transoms, or ventilators." However, I disagree because this position ignores the obvious ambiguity. While Chubb couches its position based on wordplay with respect to the conflicting provisions, it begs the question of determining if the damage was caused by wind and exacerbated by the rain, or if the rain damage was exacerbated by the wind. Quite simply, the damage as experienced by most hurricane victims, was concurrent and the cursory exclusion creates such an ambiguity, which unfortunately creates a win-win situation for the insurer.
Clearly, if we are to interpret the contract of insurance as evidence of a meeting of the minds, so to speak, there is clearly an ambiguity. As this Court stated recently in Sher v. Lafayette Insurance Co., XXXX-XXXX (La.App. 4 Cir. 11/19/07), 973 So.2d 39, "the common intent of the parties in an insurance contract is to provide insurance coverage." Sher, at p. *5, 973 So.2d at 49. The Ganiers sought insurance to protect them from catastrophic events such as a hurricane. Additionally, they paid substantial premiums for the insurance. It would be foolish to accept Chubb's assessment that policy covered water damage, "whether driven by rain or not," but at the same time excluded wind damage caused by "wind driven rain, snow sleet, sand or dust."
Quite simply, the insurer cannot have it both ways. To allow this provision to stand as a document evidencing a meeting of the minds would not only open the door to "crafty" linguistic construction of insurance policies, but would also serve as a means of barring coverage. The law states that any ambiguity should be resolved against the insurer. As stated in Sher, in case of any doubt, when interpreting a contract of a standard form, the contract must be interpreted against the issuer of the policy. See Sher, at p. *5, 973 So.2d at 49.
Insurance companies are in the best position to defend claims because they construct the actual policies of insurance. For this reason, the courts have provided insureds a means defeating "craftily drawn"/ambiguous policies of insurance by the insurer.
Therefore, based upon a de novo review of this matter, it appears that an ambiguity exists and that this matter should have be reversed. As stated earlier, "a fact is material when its existence or non-existence may be essential to the plaintiffs cause of action under the applicable theory of recovery." Windham v. Murray, XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/30/07), 960 So.2d 328, 331. This ambiguity should have been enough to preclude the motion for summary judgment, as a genuine issue of material fact exists with respect to the policy of insurance and whether the coverage and exclusions are ambiguous.
Thus, for these reasons, I respectfully dissent.
McKAY, J., dissents with reasons.
I respectfully dissent from the majority's decision to affirm the trial court's granting of the defendant's motion for summary judgment. The insurance policy at issue is both ambiguous and conflicting when it comes to coverage for damages caused by wind driven water. It is well established that "the ambiguous provision is to be construed against the insurer who issued the policy and in favor of the insured." Hill v. Shelter Mut. Ins. Co., 05-1783 (La.7/10/06), 935 So.2d 691. This creates a genuine issue of material fact and makes summary judgment inappropriate in this situation.
NOTES
[1] [Missing Text]
[2] The plaintiffs have challenged the authenticity of this "quote" for the first time in their reply brief on appeal, arguing that it is for a different policy. This challenge was not made to the trial court and cannot be raised for the first time on this appeal. The plaintiffs contend that the "quote" was dated October 16, 2003, more than a year before the issuance of the Chubb policy in question which has an effective date of October 20, 2004. However, we note that there are two "quotes" annexed to Chubb's motion for summary judgment in the trial court. The other quote is dated October 4, 2004, a date completely relevant to this case. Both "quotes" make the same identical upper case reference to "**WIND EXCLUSION."
[1] La. Civ.Code art. 2050, titled Provisions Interpreted In light of each other, provides:

Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.