995 So.2d 26 (2008)
Kenneth PIZZETTA
v.
LAKE CATHERINE MARINA, LLC.
No. 2008-CA-0648.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 2008.
*27 Robert J. Young, III, Young, Richaud & Myers, LLC, Metairie, LA, for Plaintiff/Appellant, Kenneth Pizzetta.
Francis A. Courtenay, Jr., Carl J. Hebert, Joseph E. Lee III, Preis & Roy, APLC, New Orleans, LA, for Defendants/Appellees, Lake Catherine Marina, LLC and Northern Assurance Company of America.
David E. Walle, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, LA, for Louisiana Citizens Property Insurance Corporation.
*28 (Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR. and Judge Pro Tempore MOON LANDRIEU).
JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiff-appellant, Kenneth Pizzetta, appeals the April 26, 2007, summary judgment dismissal (new trial denied on November 21, 2007) of his Hurricane Katrina damage claims against the defendants-appellees, Lake Catherine Marina, L.L.C. (hereinafter "the Marina") and its insurer, Northern Assurance Company of America (hereinafter "Northern"), and the December 6, 2007, summary judgment dismissal of his similar claims against the defendant-appellee, Louisiana Citizens Property Insurance Corporation (hereinafter, "Louisiana Citizens").
We review summary judgments de novo. The plaintiff-appellant brought his boat for repairs and refurbishment to the Marina in November of 2004 where it remained until August 29, 2005, when Hurricane Katrina struck the area.

I. THE JUDGMENT OF DECEMBER 6, 2007, DISMISSING CLAIMS AGAINST LOUISIANA CITIZENS
The plaintiff argues that he is entitled to coverage under the "Personal Property of Others" provision in the Louisiana Citizens policy insuring the Marina.
That any ambiguity in an insurance policy is to be strictly construed against the insurer and in favor of the insured is a maxim so well known in the law as to require no need to resort to authority in support thereof. However, the rule of strict construction of insurance contracts does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. Peterson v. Schimek, 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1029; Marcotte v. Progressive Sec. Ins. Co., 06-1368, p. 4 (La.App. 4 Cir. 3/21/07), 955 So.2d 708, 710. Nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed, or to refine away the terms of a contract expressed with sufficient clarity to convey the plain meaning of the parties, and embodying requirements, compliance with which is made the condition of liability thereon. Id. This is an outgrowth of the general rule concerning the construction of contract language found in the Civil Code. La. C.C. art.2056; Marcotte, supra; Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759, 763. When the language of an insurance policy is clear, courts lack authority to change or alter its terms under the guise of interpretation. Id.
Court should not strain to find ambiguity in an insurance policy where none exists. Mossy Motors, Inc. v. Cameras America, 04-0726, p. 5 (La.App. 4 Cir. 3/2/05), 898 So.2d 602, 606; New Orleans Property Dev. v. Aetna Cas., 93-0692 (La. App. 1 Cir. 4/8/94), 642 So.2d 1312, 1315; Strickland v. State Farm Insurance Companies, 607 So.2d 769, 772 (La.App. 1 Cir. 1992).
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Louisiana Ins. Guar. Ass'n., supra, at 763. Absent a conflict with statutory provisions or public policy, insurers, like other individuals, are entitled to limit their liability and to impose and to enforce reasonable conditions upon the policy obligations they contractually assume. Id.
*29 In construing the language of an exclusionary clause in an insurance policy, courts must look to the general rule that exclusionary clauses are to be narrowly construed against the insurer and in favor of coverage. Capital Bank & Trust Co. v. Equitable Life Assur. Soc. of the United States, 542 So.2d 494, 495 (La.1989). The insurer has the burden of proving that a policy exclusion precludes recovery. Id.
The Louisiana Citizens policy defines "Personal Property of Others" as personal property of others:
(1) In your care, custody or control; and
(2) Located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises.
This definition would seem to cover the plaintiff's claim. However, the "Personal Property of Others" language quoted above is found in subparagraph "c" under the "Covered Property" section of the "Building and Personal Property Coverage Form" which states that:
Covered Property, as used in this coverage Part, means the type of property described in this section, A.1., and limited in A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.
Section "A.1" under the "Building and Personal Property Coverage Form" lists three categories of property coverage from which the insured, in this case the Marina, may choose: "Building", "Your Business Personal Property" and "Personal Property of Others". For any of the three possible coverages to apply, a "Limit of Insurance" must be "shown in the Declarations for that type of property." Of the three possible categories of property enumerated, the only one for which a "Limit of Insurance" is "shown in the Declarations" of the Marina policy is a $25,000.00 limit for the first category, "Building." There is no mention of coverage for either of the other two categories, "Your Business Personal Property" or "Personal Property of Others."
Insurance contracts are to be read as a whole. LeBlanc v. Aysenne, XXXX-XXXX, p. 5 (La.1/19/06), 921 So.2d 85, 91.
Thus, this is a question of coverage where the burden is on the insured to show coverage, i.e., did the Louisiana Citizens policy provide coverage for "Personal Property of Others." This is not a question of an exclusion where the burden is on the insurer to establish the existence of an exclusion:
In Carriere v. Triangle Auto Service, 340 So.2d 665, 666 (La.App. 4 Cir.1976), this Court stated that "[i]n an action on an insurance contract the plaintiff has the burden of pleading and proving that his claim falls within the general policy, while the insurer has the burden of proving exclusions from coverage."
Best v. State Farm Fire and Cas. Co., XXXX-XXXX, p. 5 (La.App. 4 Cir. 10/10/07), 969 So.2d 671, 675.
As there is clearly and unambiguously no limit shown in the declarations for "Personal Property of Others" coverage under the Louisiana Citizens policy, we find no error in the summary judgment dismissal of the plaintiff's claim against Louisiana Citizens.

II. THE JUDGMENT OF APRIL 26, 2007, DISMISSING CLAIMS AGAINST LAKE CATHERINE MARINA, L.L.C. AND ITS INSURER, NORTHERN ASSURANCE COMPANY OF AMERICA
At the outset, we note that the plaintiff does not contend that the Northern policy provides coverage in the absence of liability on the part of the Marina for the damage sustained by the plaintiff's vessel.
*30 The relationship between the plaintiff and the Marina is that of depositor and depositary. In this case the deposit is onerous. Therefore, the Marina was required "to fulfill [its] obligations with diligence and prudence." La. C.C. art. 2930.
Consequently, the question boils down to whether there is any genuine issue of material fact concerning the diligence and prudence of the Marina in the face of Hurricane Katrina in its dealings with the plaintiff's vessel that might have resulted in less damage to the vessel.
A fact is material if it is essential to a plaintiff's cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4th Cir.1992).
Assuming for purposes of argument that the plaintiff called the Marina's proprietor, Ronald J. Ricca, as plaintiff contends he did on August 25 or 26, 2005, to inquire as to the status of the vessel and to ask him to repair it so that it could be placed in the water and relocated before the hurricane arrived, it does not mean that Marina failed to act with "diligence and prudence" as required by La. C.C. art. 2930 when it failed to complete the repairs and launch the vessel.
The plaintiff attempts to raise a genuine issue of material fact concerning the Marina's diligence and prudence with his contention that Mr. Ricca told him that the vessel was safe because, "Hurricanes don't come this way." The implication of this contention is that because the Marina had a lack of concern about the approaching storm, it failed to take proper precautions. The trial court effectively took the position that, while the Marina may not have believed that it was in the path of the storm, it nonetheless acted with diligence and prudence.
It would have taken the Marina at least four hours to complete the repairs on the plaintiff's vessel. The trial court found, based on the record, that:
Faced with the possibility of a storm, rather than spending his time making repairs to Mr. Pizzetta's vessel alone. Mr. Ricca made the decision to place extra boat stands under all of the vessels, to tie the stands together, and to remove all loose debris from the area. These steps had proven to be sufficient in the past.
In effect, the trial court found that the undisputed actions taken by the Marina in preparation for the storm which arrived with an unprecedented intensity, including those related to the plaintiff's vessel were, as a matter of law, sufficient to fulfill its "obligations with diligence and prudence," and that the alternative suggested by the plaintiff, did not raise a genuine issue of material fact. We agree.
The trial court also found that:
There is no evidence that Mr. Pizzetta came to move the vessel to a place of safety. Nor is their [sic] any assertion that simply "putting it in the water" would have increased its chance of safety.
We agree that it would be mere speculation to conclude that putting the vessel in the water would have made it safe from the rapidly approaching hurricane.
The plaintiff does not dispute any of the defendant's allegations or evidence concerning the unprecedented catastrophic impact of hurricane Katrina. The plaintiff offers no evidence that had the vessel been placed in the water it would have been safer in the face of the hurricane.
*31 Plaintiff seems to argue that, had the repairs to the vessel been completed much sooner it would have been removed from the Marina long before Katrina even formed. However, we find that as a matter of law there is no ease of association between the repair delays and the mere possibility that an unknown hurricane might, at some unknown time in the future, arrive at a certain location. This appears to be mere conjecture. It is just as likely that had the boat been repaired months earlier and moved to another location that a hurricane could strike in the new location.
Furthermore, the trial court accepted for purposes of argument, the plaintiff's contention that maritime law applied. In doing so, the trial court also took into account the pronouncement in Skandia Ins. Co., Ltd. v. Star Shipping AS, 173 F.Supp.2d 1228 (S.D.Ala.2001), a hurricane case cited by the plaintiff, to the effect that it was incumbent upon a defendant to prove that due diligence and proper skill were used to avoid damage and that it was unavoidable; and that an Act of God defense must be caused exclusively and directly by natural causes because when the cause . . . is found to be in part the result of the participation of man, whether it be from active intervention or neglect, the whole occurrence is thereby humanized and removed from acts of God."
The trial court found that whether under maritime law or La. C.C. art. 2930, the defendants established that the Marina acted with diligence, prudence and the proper skills to avoid the destruction of the plaintiff's vessel and that the destruction of the vessel was the unavoidable consequence of the unprecedented devastation caused by Hurricane Katrina.
This Court finds that in view of the undisputed precautions taken by Mr. Ricca, the damage inflicted upon the plaintiff's vessel by Hurricane Katrina falls under the Act of God defense.

III. CONTRACTUAL CLAIMS
After reviewing the record and both of the briefs filed by the plaintiff-appellant carefully, we do not find where he raised any contractual claims in his appeal. Moreover, we have reviewed the opposition to the motion for summary judgment filed by the plaintiff-appellant in the trial court and do not see where he raised the issue in the trial court on motion for summary judgment in spite of the fact that there may have been an allegation in his petition that could have been interpreted in that manner. Therefore, we find that if he had any such claim, we may assume that it was waived. Rule 2-12.4, Uniform Rules  Courts of Appeal. Accordingly, we are not called upon to consider any such claims.

DECREE
For the foregoing reasons, we affirm the judgment of December 6, 2006, in favor of Louisiana Citizens Property Insurance Company at plaintiff's cost; and we affirm the April 26, 2007 judgment in favor of Lake Catherine Marina, LLC, as well as the judgment denying the motion for new trial in respect thereto, at the plaintiff's cost.
AFFIRMED.
TOBIAS, J., concurs in part, dissents in part, and assigns reasons.
LANDRIEU, J., concurs in result and assigns reasons.
TOBIAS, J., concurs in part, dissents in part, and assigns reasons.
I respectfully agree with the majority's reasoning and conclusions with respect to Mr. Pizzetta's claims against Louisiana Citizens Property Insurance Corporation.
I respectfully concur to assign additional reasons in support of why I find that Mr. *32 Pizzetta's claims of negligence against Lake Catherine Marina, L.L.C. and Northern Assurance Company of America are properly dismissed.
It is hornbook law that negligence is the failure to exercise the standard of care that a reasonable prudent person would have exercised in a similar situation. In this case, Mr. Pizzetta fails to prove or create a genuine issue of material fact in his opposition to the motion for summary judgment as to how Lake Catherine Marina, L.L.C. acted unreasonably under the circumstances of an approaching hurricane.
The relator alleges in his petition in the allegations of negligence that he will prove:
Any and all other acts of negligence and/or fault as may be shown at trial of this matter.
This statement is not an allegation of fact as required by La. C.C.P. art. 854 to state a cause of action for anything, much less negligence.
I respectfully dissent from this court's affirmation of the trial court's judgment which dismissed all of Mr. Pizzetta's claims Lake Catherine Marina, L.L.C. In paragraph XII of his petition, Mr. Pizzetta alleges:
Further, and alternatively, Lake Catherine Marina breached its agreement with Pizzetta to properly and timely repair and refurbish the M/V KALANI in accordance with all reasonable industry standards and practices. By failing to properly and timely repair and refurbish the M/V KALANI as agreed upon between Pizzetta and Lake Catherine Marina, the M/V JKALANI was still at Lake Catherine Marina on or about August 29, 2005, when Hurricane Katrina struck, thereby preventing Pizzetta from taking any other actions which might have prevented the loss of the M/V KALANI.
The foregoing is an allegation of breach of contract that does not in its entirety address negligence. This is a different cause of action that remains viable in my view. I therefore would reverse the judgment of the trial court insofar as it dismisses Mr. Pizzetta's claims for a breach of contract. La. C.C.P. arts. 2129 and 2164.
LANDRIEU, J., concurs in result and assigns reasons.
In his petition for damages, the plaintiff predicated his claim for the loss of his yacht on both negligence and breach of contract. In opposing the defendant's motion for summary judgment, the plaintiff failed to substantiate either theory of recovery. As to the negligence claim, the record is absent any evidence the defendant was negligent with respect to the measures taken to protect the plaintiff's vessel from the approaching storm. As to the contract claim, if a breach were to be proven (failure to timely complete the repairs), such breach would not be a proximate cause of his loss. The yacht was destroyed by an Act of God. For these reasons, I affirm the trial court's judgments in all respects.