Mrs. Anna SMITH, Plaintiff-Appellant,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee.

No. 15350.

United States Court of Appeals
Sixth Circuit.

April 8, 1964.

Fielden Woodward, Louisville, Ky., for appellant; Woodward, Hobson & Fulton, Louisville, Ky., on brief.

Lively M. Wilson, Louisville, Ky., for appellee; Stites, Peabody & Helm, Louisville, Ky., on brief; R. L. Hawkins, Louisville, Ky., of counsel.

Before CECIL and O'SULLIVAN, Circuit Judges, and McALLISTER, Senior Circuit Judge.

## PER CURIAM.

Plaintiff-appellant, a lady 77 years old, was struck by defendant's truck. Upon trial of her suit against the Southern Bell Telephone & Telegraph Company, a jury awarded her $1,400.93. She claims the verdict was inadequate. After the accident, and against her wishes, appellant was taken to a hospital where, as described by her family physician, "she was mostly an angry woman." This was on September 28, 1961, at Corbin, Kentucky. Her doctor had x-rays taken which, in his view, merely disclosed extensive arthritic degeneration of her vertebrae, with no evidence of any injury resulting from her accident. Mrs. Smith left the hospital after an overnight stay and returned to her apartment in Corbin, Kentucky. She received no medical attention thereafter until two weeks later when her son came for her and took her to Louisville. There, her daughter made an appointment with a doctor who saw Mrs. Smith on October 12, 1961. This doctor saw evidence of a compression fracture of one of her vertebrae, which he attributed to her accident. The only medical assistance prescribed for her was a brace which appellant was still wearing at the time of trial in November, 1962. Her Louisville doctor thought she would have to wear the brace for another six months. A third doctor saw evidence of a compression fracture in her vertebrae, but indicated that it was healed at the time he examined his x-rays.

The plaintiff was unusually active for her age, but stated that she suffered pain in her back. She travels by plane from Louisville to Corbin, Kentucky, where she maintains her own apartment. No one meets her at the airport. "I just get a taxi to take me over * * * I go over alone."

In reply to the question, "Mrs. Smith, is there anything that you could do before the accident that you have been unable to do since the accident?" she answered, "No."

Her only out-of-pocket loss was a medical bill of $230.93, $150.00 of which was the fee of the doctor who found evidence of a fracture. Her additional damages, therefore, consisted of pain and suffering. The jury, after finding for plaintiff, awarded her a total of $1,400.93. Plaintiff's motion for a new trial on the ground of inadequacy of the verdict was denied by the District Judge who tried the case.

We have here a case where doctors disagreed as to whether plaintiff had received any injury to her back in the accident sued upon. Testimony that she did not receive any injury came from an old family friend and family doctor. The jury heard plaintiff's own description of her post-accident activities. The District Judge's denial of her motion for a new trial was a matter within his discretion. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439, 444. We have recently had occasion to consider this subject and our own responsibilities in reviewing the denial of a motion for new trial made on the grounds of inadequate or excessive verdict. Cross v. Thompson, 6 Cir., 298 F.2d 186, 187. We find nothing there, or here, requiring us to reverse the District Judge.

Judgment affirmed.