**Monark ROY, Appellant,**

v.

**EMPLOYERS MUTUAL CASUALTY COMPANY, Appellee.**

No. 22825.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1966.

Frank J. D'Amico, New Orleans, La., for appellant.

Robert N. Ryan, and Bienvenu & Culver, New Orleans, La., for appellee.

Before THORNBERRY and COLEMAN, Circuit Judges, and YOUNG, District Judge.

COLEMAN, Circuit Judge.

On March 2, 1962, in the City of New Orleans, a taxicab, driven by plaintiff-appellant, was struck by another automobile. As permitted by the Louisiana Statute, suit was brought directly against the insurer. Liability was admitted and the quantum of damages was the sole issue tried to the jury. The verdict was for $600, highly unsatisfactory to the plaintiff, so he appeals. We affirm.

Appellant strongly urges that the award was inadequate, that it was caused by improper argument of defense counsel, and that the trial court should either

have ordered an additur or granted a new trial.

 The additur argument was disposed of in Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150. It was there held, although by a 5–4 vote, that under the Seventh Amendment a federal court is without power to add to an inadequate verdict. We have applied this rule to cases tried in Federal courts in Louisiana, Silverman v. Travelers Insurance Company, 5 Cir., 1960, 277 F.2d 257.

 As to the inadequacy of the award, the proof presented to the jury offered a wide latitude of decision. For the plaintiff there was medical proof from which it could have been found that Mr. Roy sustained a bruise of the myocardium, with severe and prolonged consequences. Medical evidence for the defendant was positively to the contrary. The only injuries free of dispute were bruises to the shoulder, arms, and legs, which cleared up in two weeks. Disagreements between doctors, such as encountered here, fall clearly within the prerogatives of the jury as to the credibility of witnesses and the weight to be attributed to the testimony of any particular individual. The denial of the motion for a new trial on this ground was not an abuse of the trial court's discretion, Uhl v. Echols Transfer Company, 5 Cir., 1956, 238 F.2d 760; Smith v. Southern Bell Tel. and Tel. Co., 6 Cir., 1964, 330 F.2d 76.

At the beginning of closing argument for the defense the following occurred:

"COUNSEL FOR DEFENSE: He [plaintiff's counsel] says we are asking you to punish this man. I am not asking you to punish this man. We have come here quite frankly and admitted we are responsible for the accident. We are asking you, Ladies and Gentlemen of the State of Louisiana, people who pay insurance premiums, to decide how much this man is entitled to for any injury that he may have sustained in this accident. Don't punish him, but don't punish the insurance premium payers * * * "

"COUNSEL FOR PLAINTIFF: Objection. I object to that. He is referring to the fact that these jurors are premium payers. I object to that as prejudicial error, an attempt to influence the jurors in the amount of their award by reminding them of what insurance premiums cost."

"THE COURT: Members of the Jury, that kind of argument is highly improper and you should not consider it for any purpose. That is not the basis upon which you will arrive at your verdict in this case. It is improper for any lawyer to ask you to take into consideration any of your personal interest in connection with arriving at a verdict.

You will refrain from that kind of argument any further."

Plaintiff's Counsel did not move for a mistrial and did not ask for any additional instruction to the jury.

In the final charge, the Court told the jury:

"You will not let the fact that one of the parties is an insurance company affect you one way or another in this case. When people come into court they are treated on the same basis, regardless of race, color or creed, and regardless of whether they are natural persons, corporations or the government. Justice is justice, and you cannot have it any way other than by treating everybody alike. You are here to consider the evidence objectively and to make your findings objectively, and in doing so you should not be influenced by bias, prejudice or sympathy or any other emotion of that sort."

 The propriety of argument by counsel and the judge's action and nonaction with respect thereto is a matter of trial procedure controlled by federal law, Johnson v. Colglazier, 5 Cir., 1965, 348 F.2d 420.

This was not the usually encountered prejudicial remark concerning the existence of insurance. The insurer was the defendant. Liability had been admitted

and everybody knew that the insurance company was doomed to pay. The amount of payment was the issue, so this was a kind of "golden rule" argument, in reverse. It was calculated to appeal to that personal interest which jurors have in not increasing their own insurance expenses.

 The argument obviously was improper, and if the trial judge had reacted with silence a reversal would be mandatory. There was no silence. The jury was speedily and emphatically admonished in plain and unmistakable terms. Counsel was warned not to repeat the argument. Did this remove the potential for prejudice so as to avoid the necessity for a new trial? We answer in the affirmative, not forgetting plaintiff's failure to move for a mistrial, which had the effect of taking his chances on the verdict and being afterwards free to say that he should have another hearing.

To the great credit of the Bar in this Circuit, and elsewhere in the United States, it may be said that precedents dealing with improper argument of counsel are relatively scarce. It is well settled, however, that prejudicial remarks, if the prejudice is not removed, will cause a reversal. Moreover, it is recognized that argument may be so inherently and incurably prejudicial as to be incapable of removal. On the other hand, as to all other remarks, immediately met with the condemnation of the court and adequate accompanying admonition to the jury, a reversal is required only if the appellate court remains of the opinion that prejudice did in fact result and that the trial court abused its discretion in denying a new trial on that ground. Ordinarily, of course, the complaining party must carefully and fully preserve his record and his contentions at the trial level.

The cost of insurance premiums was not an issue in this trial. The jury had heard no evidence with reference thereto. When Counsel attempted to inject it solely as an argument he was met with instant rebuff. The jury was effectively admonished; he was warned not to do it

again. Ordinarily, if anybody was prejudiced by this turn of events it would more likely be the defendant for having attempted to take unfair advantage of the plaintiff. Indeed, Counsel for plaintiff scathingly referred to the episode in his final argument and defendant was evidently too subdued to object. We think the prejudice, if any, was removed. No new trial was required.

Affirmed.