**Winifred BURRAGE, Plaintiff-Appellant,**

**v.**

**Lenon HARRELL, Defendant-Appellee.**

No. 76–1558
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

August 26, 1976.

---

\* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir. 1970, 431 F.2d 409, Part I.

Richard E. Wilbourn, Jane M. Wilbourn, Meridian, Miss., for plaintiff-appellant.

Thomas Kenneth Watts, Meridian, Miss., for defendant-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

GEWIN, Circuit Judge:

In this diversity action judgment was rendered for the defendant-appellee following a jury verdict in his favor. After the denial of her motions for judgment N.O.V. and, alternatively, for a new trial, plaintiff-appellant perfected this appeal. We affirm.

In the summer of 1972, Fred Burrage and his wife, plaintiff-appellant Winifred Burrage, were proceeding south on highway I–55 in Mississippi. They were traveling at approximately 60–65 miles per hour; some 300 yards behind them, the defendant-appellee, Lenon Harrell, and his wife, Winnie, were traveling in the same direction and lane of traffic at approximately the same speed.

Fred Burrage was driving the Burrage automobile and he missed the exit to Brookhaven, Mississippi, his destination. At this point, he at least slowed significantly, and possibly stopped and backed up his vehicle—on the right lane of the interstate—in order to make certain whether he had passed the Brookhaven exit.

Meanwhile, the appellee, Lenon Harrell, had glanced away from the interstate once or twice and the distance between his automobile and the Burrage vehicle had diminished rather rapidly. Upon discovering that the Burrage vehicle was immediately ahead and stopped or backing up, appellee Harrell braked his vehicle, but was unable to swerve around the Burrage automobile because his vehicle began to skid. He was unable to stop his car in time; it collided with the rear of the Burrage vehicle, resulting in injuries to appellant Winifred Burrage. This litigation resulted from that accident.

Appellant contends that she was entitled to peremptory instructions, judgment N.O.V., or a new trial. We disagree. This

was a classic jury case. Appellant's position turned on the jury concluding that appellee's glancing away from the road was a proximate cause of the accident pursuant to a last clear chance-type analysis. Appellee's defense depended on the jury deciding that even if he had glanced away from the road, appellant's injuries were proximately caused solely by her husband's negligence rather than appellee's inattention. The jury resolved the issue in appellee's favor and there is substantial evidence supporting its conclusion. We might have reached a different conclusion; but that is not our prerogative. We are bound by the teachings of *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir. 1969).

Appellant, for example, took the position at trial that her husband had not stopped or reversed the direction of his vehicle, but had merely slowed down. In opposition to this evidence, appellee and his wife testified that the Burrage vehicle was either stopped or moving backward. Additionally, the highway patrolman who investigated the accident testified that Fred Burrage stated to him, immediately after the incident, that he was backing up when the wreck occurred. Thus, the jury quite reasonably could have chosen to believe appellee's version of the events. Its conclusion that appellee's glancing away from the road was not an act of negligence or was not a proximate cause of appellant's injuries is fully supported by the evidence. The trial judge did not err in submitting the case to the jury and accepting its verdict. *See* F.R. Civ.P. 50 and 59; *American Fire & Cas. Co. v. Stewart-Sneed-Hewes, Inc.*, 478 F.2d 227 (5th Cir. 1973). The court quite correctly concluded that appellant's case simply did not meet the requirements for a directed verdict or judgment notwithstanding the verdict enunciated by this court, sitting en banc, in *Boeing Company v. Shipman, supra* at 374:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.

■ Appellant asserts that the trial court erred in overruling her objection to appellee's alleged "golden rule" closing argument. Appellant's reliance on the "golden rule" cases [1] is misplaced: they deal with arguments in which the jury is exhorted to place itself in a party's shoes *with respect to damages*. *See, e. g., Skaggs v. J. H. Rose Truck Line, Inc.*, 435 F.2d 695 (5th Cir. 1970); *Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705, 714 (5th Cir. 1967). The rationale for prohibiting such an argument is that the jury's sympathy will be unfairly aroused, resulting in a disproportionate award of damages, *e. g., id.; Baron Tube Co. v. Transport Insurance Co.*, 365 F.2d 858, 862 (5th Cir. 1966).

In this case the argument complained of was not in any way directed to the question of damages; rather, it related only to the reasonableness of appellee's actions under emergency conditions. The argument was not immoderate or unduly emotional and the trial court instructed the jury quite fully on the reasonable person standard of negligence. In these circumstances, the "golden rule" cases are inappropriate and no prejudicial error has been established.

---

1. Appellant's citation of state "golden rule" cases is interesting, but irrelevant. Federal law controls federal trial procedure. *See, e. g., Waldron v. Hardwick*, 406 F.2d 86, 88–89 & n.2 (7th Cir. 1969) (several cases cited); *Roy v. Employers Mutual Casualty Co.*, 368 F.2d 902, 904 (5th Cir. 1966).

Finally, appellant complains that portions of the trial court's jury instruction were erroneous. The essence of appellant's objection on this point is that the district judge obfuscated the issue of appellee's negligence by discussing at length the potential negligence of appellant's husband. We note, however, that appellant admits that the court properly instructed the jury that any negligence on the part of her husband could not be imputed to her. The court also properly charged the jury that if appellee's negligence was one of the proximate causes of the collision, he was liable. The instructions stated only that if the jury found that Mr. Burrage was negligent and that his negligence was the *sole* proximate cause of the collision, appellee should not be held liable. Certainly this is a correct proposition of law and a relevant and necessary issue in the case. The instructions were somewhat verbose, but probably necessarily so in this case. We conclude that prejudicial error was not committed by the giving of these charges.

Accordingly, appellant's contentions are devoid of merit. The judgment is AFFIRMED.