**GUARANTY SERVICE CORPORATION, et al., Plaintiffs–Appellants, Cross–Appellees,**

v.

**AMERICAN EMPLOYERS' INSURANCE COMPANY,        Defendant–Appellee, Cross–Appellant.**

No. 89–4151.

United States Court of Appeals, Fifth Circuit.

April 5, 1990.
Rehearing Denied May 2, 1990.

James N. Compton, Compton, Crowell & Hewitt, Peter C. Abide, Biloxi, Miss., Carroll H. Ingram, Michael V. Ratliff, Hattiesburg, Miss., for plaintiffs-appellants cross-appellees.

Michael A. McKenzie, Wayne D. Taylor, McKenzie & McPhail, Atlanta, Ga., Robert H. Walker, Gulfport, Miss., Sari B. Marmur, McKenzie & McPhail, Atlanta, Ga., for defendant-appellee cross-appellant.

ON PETITION FOR REHEARING

Before CLARK, Chief Judge, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

In a petition for panel rehearing, American Employers' Insurance Company ("American") contends that our denial of American's counterclaim against its in-sureds, Guaranty Service Corporation, Southern Mortgage Services Corporation, and Southern Federal Savings and Loan Association (collectively "Monaco"), was premised on an erroneous factual statement. In Part III.A of our previous opinion, *Guaranty Service Corp. v. American Employers' Insurance Co.*, 893 F.2d 725, 731 (5th Cir.1990), we stated: "American has made no claim for compensatory damages in this case." This statement is incorrect.

Although the magistrate's opinion below framed the decision to dismiss American's counterclaim strictly as a question of punitive damages, the counterclaim also sought $347,699.70 in actual damages, most of which consisted of attorney's fees. The claim also included $17,000 spent investigating Monaco's claim prior to litigation. In a response to an interrogatory, American stated that the $17,000 "include[d] additional costs to American Employers, which costs would not normally have been incurred had plaintiffs not acted in bad faith during the adjustment of this claim for the investigation of plaintiffs' claim because plaintiffs refused to comply with their duties and obligations as set forth under the contract of insurance." The magistrate dismissed the counterclaim, stating that the facts of the case did not warrant an award of attorneys' fees or the imposition of punitive damages. The magistrate failed to make any determination regarding American's claim for the $17,000 in investigation expenses incurred prior to the litigation and allegedly caused by Monaco's failure to fulfill its obligations under the insurance contract.

We originally affirmed the denial of American's counterclaim because Mississippi does not allow the imposition of punitive damages where no actual damages are awarded. *See Virdine v. Enger*, 752 F.2d 107, 110 (5th Cir.1984). In light of our factual error in overlooking American's request for actual damages, we now modify that decision and remand for further proceedings on American's counterclaim for actual damages. We do not disturb the magistrate's decision that neither attor-

ney's fees nor punitive damages are properly awardable. We agree with the magistrate that the facts of this case do not display the level of maliciousness, insult, or fraud required by Mississippi law to warrant punitive damages. Since litigation expenses and attorney's fees are not recoverable in a breach of contract case unless punitive damages are recoverable, the magistrate was also correct to dismiss the portion of American's counterclaim which requested the payment of those expenses. *See, e.g., United States for Control Systems, Inc. v. Arundel Corp.*, 814 F.2d 193, 199 (5th Cir.1987), *clarified*, 826 F.2d 298 (5th Cir.1987); *Carter Equipment v. John Deere Indus. Equipment*, 681 F.2d 386, 396 (5th Cir.1982); *Aetna Cas. & Sur. Co. v. Steele*, 373 So.2d 797, 801 (Miss.1979).

■ Monaco argues in response that the damages claimed by American are costs of litigation which are not recoverable under Mississippi law. *See Aetna Cas. & Sur. Co. v. Steele*, 373 So.2d 797 (Miss.1979). We agree except in respect to the $17,000 described above. American is entitled to recover this amount if it can prove that American would not have incurred the expenses but for Monaco's misrepresentations and concealments, *see Mississippi Power and Light Co. v. Pitts*, 181 Miss. 344, 179 So. 363, 366 (1938), and that the damages "are such as the parties may have reasonably expected to follow from the breach." *Shell Petroleum Corp. v. Yandell*, 172 Miss. 55, 158 So. 787, 790 (1935).

Accordingly, our previous opinion is MODIFIED as set out herein, and the case is REMANDED for further proceedings consistent with this opinion. Except for this modification, the petition for rehearing is DENIED.