**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2011

No. 10-30924

Lyle W. Cayce
Clerk

LEJO BAHAM, also known as Lee Baham,

Plaintiff-Appellant Cross Appellee

v.

NABORS OFFSHORE CORPORATION,

Defendant-Appellee Cross-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-cv-2372

Before REAVLEY, GARZA, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Lejo Baham brought this suit under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*, after he was injured while working on an offshore drilling rig owned by the predecessor in interest of Defendant Nabors Offshore Corp. At the time he was hurt, Baham was working for Intervenor SeatraxServices, Inc. ("Seatrax"). Intervenor SeaBright Insurance Co. is Seatrax's longshore insurance carrier.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30924

The parties appeal and cross-appeal the district court's judgment after a bench trial. We affirm.

The accident occurred at the base of the port-side crane on Nabors's offshore drilling rig Dolphin 109. The crane's cab sits about twenty feet above the Dolphin 109's deck, on a circular concrete pedestal. Ladder rungs on the pedestal extend downward from the cab to a circular platform of open-grated steel, which surrounds the pedestal at a height of about fourteen feet above the rig's deck. There is an opening in the circular platform, through which a second ladder extends to the deck. The ladder opening is usually covered by a hinged square of steel grating of the same kind as the circular platform. It was Nabors's policy that this cover be closed at all times, except very briefly to permit passage through the opening. A Coast Guard regulation requires that:

> Openings in decks accessible to personnel must be covered, guarded, or otherwise made inaccessible when not in use. The manner of blockage shall prevent a person's foot or body from inadvertently passing through the opening.

33 C.F.R. § 142.87.

Baham is a crane mechanic. He was dispatched to the Dolphin 109 on September 14, 2006, to inspect and possibly repair the port-side crane. Before ascending to the circular platform, Baham spent a few minutes drinking coffee and smoking with David Prather, the senior supervisor on the Dolphin 109. After receiving a call from the crane's cab, Prather left Baham and ascended the two ladders to the cab. After passing through the ladder opening in the circular platform, Prather did not close its cover before he continued up the ladder into the cab. Baham lingered briefly where he and Prather had been speaking and then climbed the ladder to the circular platform. He testified at trial that he did not notice the ladder opening's cover, as he was facing away from the cover as he passed through. The cover still open, Baham made his way around the circular platform, looking upward to examine equipment located just below the

2

No. 10-30924

cab. As he completed the circuit around the pedestal, Baham stepped into the ladder opening and fell to the deck below.

Baham's injuries prevent him from working as a crane mechanic, but he eventually returned to work for Seatrax in a clerical capacity. Although Baham actually worked between twenty and twenty-five hours per week, Seatrax paid him for fifty-five hours per week. He was paid the wage he had enjoyed as a crane mechanic, about twice the regular rate for a clerical worker. Seatrax ultimately paid Baham a total of $106,810.00 under this arrangement.

After Baham brought the instant suit against Nabors, the parties consented to trial before a U.S. Magistrate Judge, and the district court entered judgment for Baham after a four-day bench trial. Prather and Baham offered conflicting testimony regarding whether Prather had authorized Baham to ascend the ladder alone. The district court credited Baham's testimony that when Prather left to ascend to the crane's cab, they agreed that Baham would finish his cigarette and then ascend to the circular platform to begin his inspection. The district court found Nabors had breached its duties under 33 U.S.C. § 905(b) by failing to exercise ordinary care and committing negligence *per se* by violating 33 C.F.R. § 142.87. The court found that Baham's own negligence made up fifty percent of the fault giving rise to the accident, and reduced his recovery by half.

The district court also entered judgment for Seatrax and SeaBright, awarding them reimbursement for benefit payments advanced to Baham. Of the wages Seatrax paid to Baham when he worked in a clerical capacity after the accident, the court found that $26,702.50 was genuine compensation for the clerical work, and that the remaining $80,107.50 constituted an advance of workers' compensation benefits. The court thus entered judgment for Seatrax in the amount of $80,107.50, to be satisfied out of Baham's net recovery from Nabors.

No. 10-30924

On appeal, Baham asserts that his comparative fault should not have been considered in an LHWCA case, and that the district court erred in the allocation of fault between Baham and Nabors.  Baham challenges the district court's finding that Seatrax's wage payments were advance payments of compensation benefits under the LHWCA, and he argues that SeaBright's compensation lien against Baham's recovery should be reduced by the fraction of comparative fault attributed to Baham.

Nabors cross-appeals, challenging the district court's findings that Nabors was negligent under 33 U.S.C. § 905(b), that Nabors violated 33 C.F.R. § 142.87, and that the violation constituted negligence *per se.*  Nabors joins Baham's challenge to the district court's finding that Baham's post-accident wages were advance payments of workers' compensation benefits.

Regarding his first issue, Baham's challenge is foreclosed by *Neal v. Saga Shipping Co.*, 407 F.2d 481, 486 (5th Cir. 1969) (plaintiffs who are not Jones Act seamen do not enjoy the benefit of the rule barring application of contributory negligence in Jones Act cases).  Baham's argument regarding the effect of comparative negligence on an employer's entitlement to recoup advance workers' compensation payments is also foreclosed by binding precedent.  *See Bloomer v. Liberty Mut. Ins. Co.*, 445 U.S. 74, 85-87, 100 S.Ct. 925, 931-33 (1980); *Jacques v. Kalmar Indust., AB*, 8 F.3d 272, 274 (5th Cir. 1993); *Hayden v. Kerr-McGee*, 787 F.2d 1000, 1002-04 (5th Cir. 1986).

The district court's negligence findings and its allocation of fault between Baham and Nabors are factual determinations, *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1352-53, 55 (5th Cir. 1988), which this Court may not set aside absent clear error.  *Turner v. Costa Line Cargo Servs., Inc.*, 744 F.2d 505, 507-08 (5th Cir. 1984).  Neither Baham nor Nabors has pointed to any problem with the district court's fact finding that would merit reversal under that standard.

No. 10-30924

Nabors argues that 33 C.F.R. § 142.87 does not apply because Nabors was not Baham's employer, and that the district court used the incorrect legal standard in its negligence *per se* analysis.  The former argument is raised for the first time on appeal, and therefore not considered.  *Spotts v. United States*, 613 F.3d 559, 569 (5th Cir. 2010).  Regarding the latter, we note that the district court applied the same standard set forth in Nabors's own pretrial filing of January 28, 2009.  We find no merit in Nabors's third argument regarding § 142.87, that the opening was continuously "in use" from the time when Prather ascended to the crane cab until Baham ascended to the circular platform.  As noted above, the district court credited Baham's testimony that he and Prather agreed that Baham would follow Prather onto the circular platform after Baham finished his cigarette.  In any event, the district court's conclusion that Nabors failed to exercise ordinary care supports its fault determination independently of the § 142.87 violation.

We do not accept Baham's argument that traditional concepts of negligence *per se* required allocating all of the fault to Nabors "when a statute designed to protect against [a] worker's inadvertence is ignored and consequently causes an injury."  Baham's argument assumes that 33 U.S.C. § 142.87 made Nabors solely and completely responsible for ensuring that the cover was immediately shut after Baham used the ladder opening.  Section 142.87 requires that there be covers for such openings and makes vessels generally responsible for ensuring that the covers remain closed outside of the brief periods when openings are in use.  It does not require that deck openings be fool proof, or relieve a longshoreman of his own duty of care regarding coverage of a deck opening he has just used.

The intentions of the employer are dispositive of whether post-injury payments to an LHWCA-covered employee constitute true wages or advance payments of workers' compensation.  *Shell Offshore, Inc., v. Dir., Office of*

No. 10-30924

*Worker's Comp. Programs*, 122 F.3d 312, 317-18 (5th Cir. 1997).   The district court's conclusions regarding Seatrax's intentions are supported by enough evidence to preclude finding clear error.

AFFIRMED.