Nichole Lynn BAXTER

v.

Jason Michael ANDERSON, et al.

CIVIL ACTION NO. 16–142–JWD–RLB

United States District Court,
M.D. Louisiana.

Signed October 4, 2017

Anne Marie Polk Muller, McKernan Law Firm, Baton Rouge, LA, for Nichole Lynn Baxter.

Guy D. Perrier, Ralph J. Aucoin, Jr., Perrier & Lacoste, New Orleans, LA, for Jason Michael Anderson.

## RULING ON DEFENDANTS' MOTION IN LIMINE TO EXCLUDE "REPTILE THEORY" TESTIMONY, ARGUMENT, EXHIBITS OR OTHER EVIDENCE

JUDGE JOHN W. deGRAVELLES

Before the Court is KLLM Transport Services LLC and Great West Casualty Company's ("Defendants") *Motion* in Limine *to Exclude "Reptile Theory" Testimony, Argument, Exhibits or Other Evidence* (Doc 49.) The motion is opposed by plaintiff Nicole Lynn Baxter ("Plaintiff" or "Baxter"). (Doc. 70.) No reply memorandum was filed. For the reasons which follow, Defendants' motion is denied.

### BACKGROUND AND ARGUMENTS OF THE PARTIES

This is a personal injury case for damages arising out of a motor vehicle collision which occurred on March 10, 2015, in East Baton Rouge Parish. (Doc. 1–2 at 1–2.) Every aspect of this case is contested, including, generally, both liability and damages.

■ Defendants' motion seeks to "preclude Plaintiff and her witnesses and her counsel from making references in the presence of the jury (whether by testimony, argument, exhibits, or otherwise) that attempt to utilize the "Reptile Theory" of juror persuasion, that is, "that call upon the jury to find in plaintiff's favor in order to protect the jurors themselves or their community, as opposed to properly considering whether plaintiff is entitled to damages under applicable legal standards." (Doc. 49 at 1.) Defendants argue that the theory of jury persuasion set out in David Ball and Don Keenan's 2009 book "Reptile, The Attorney's Manual of the Plaintiff's Revolution" encourages lawyers representing injured plaintiffs to appeal to the "reptilian" portion of jurors' brains, *i.e.*, that which "impel[s] the juror to protect himself and the community." (Doc. 49–1 at 2.)

Defendants posit that "[t]hese tactics are designed to inflame the passions of the jurors, cause them to elevate self-interest over a dispassionate review of the evidence, and disregard applicable legal duties." (*Id.*) Similarly, Defendant argues that "reptile tactics" are a "calculated attempt to prejudice the jury by encouraging them to depart from neutrality, to decide the case based on their personal interests and bias, and to substitute their own judgment as to what the law should be, [and] disregard of the jury instructions." (*Id.* at 4.)

The legal basis upon which Defendants hinge their argument is Federal Rule of Evidence 403 (which Defendants incorrectly cite as Fed. R. Civ. Proc. 403 (Doc. 49–1 at 3)), which allows for the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." In addition, Defendants contend that the reptile theory is an appeal to the "conscience of the community" which Defendants argue is an "impermissible variation[ ] of the Golden Rule argument." (*Id.* at 5 (citing *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1268 (5th Cir. 1985); *United States v. Solivan*, 937 F.2d 1146 (6th Cir. 1991)).)

Plaintiff counters that Defendants' motion regarding Plaintiff's alleged intention to use a "reptilian strategy" is "vague, ambiguous" and "not founded in Louisiana law and provides no objective measure for this Honorable Court to distinguish what language or phrases, or evidence should be permissible or improper." (Doc. 70 at 1–2.) Plaintiff argues that Defendants "misstate[ ] and mischaracterize[ ] Louisiana law on 'Golden Rule' arguments" as it pertains to safety, safety rules, or the conscience of the community. (*Id* at 2.) "How can," Plaintiff asks rhetorically, "[D]efendants[ ] reasonably request that this court parse and define every sentence, question, line of testimony or argument as being 'reptilian' or something else?" (*Id.* at 4.)

## STANDARD

Defendants direct their attack to both evidence and argument. The Court will address the standards for each in turn.

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible unless any of the following provide otherwise: the United States Constitution; a federal statute; [the Rules of Evidence]; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402. "Irrelevant evidence is not admissible." *Id.*

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. " 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, 1972 Advisory Committee Note. "In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction." *Id.*

█ It is well established that, although relevant, a trial court may exclude evidence failing Rule 403 muster. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013) (citation omitted)). "A trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion." *Id.* (quoting *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981) (internal quotations omitted)).

█ "The propriety of an argument is a matter of federal trial procedure under *Byrd v. Blue Ridge Rural Electric Co-op., Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), and, therefore, in a diversity case, subject to federal rather than state law." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 275 (5th Cir. 1998) (quoting *Westbrook v. Gen. Tire and Rubber Co.*, 754 F.2d 1233, 1239–40 (5th Cir. 1985)).

"Courts usually permit reasonable latitude in counsel's final arguments to the jury." *Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 283 (5th Cir. 1975); *see also Whitehead*, 163 F.3d at 275 (citing *Edwards* ). "No doubt, final arguments must be forceful." *Whitehead*, 163 F.3d at 275. "Proficiency in jury argument, an ability to sway doubtful minds, a method of convincing others of the rightness of one's positions are important not only to successful advocacy but also to effective representation of the client's interests." *Edwards*, 512 F.2d at 283.

▮▮▮ "But advocacy is circumscribed both by an attorney's own professional responsibility and the court's obligation to provide the parties a fair trial." *Id.* "Obviously, awards influenced by passion and prejudice are the antithesis of a fair trial." *Whitehead*, 163 F.3d at 276. "A new trial . . . is the appropriate remedy when a jury award results from passion and prejudice." *Id.* at 275 (citing *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 782 (5th Cir. 1983)). Thus, as the Tenth Circuit has explained:

> Arguments of counsel should be confined to the questions in issue and the evidence relating thereto. But counsel may draw reasonable inferences and deductions from the facts and circumstances disclosed by the evidence. Generally, the propriety of a particular argument must be determined in the light of the facts in the case, in the light of the conduct of the trial, and in the light of the argument of opposing counsel. Abusive and inflammatory argument is improper. And strong appeals in the course of argument to sympathy, or appeals to passion, racial, religious, social, class, or business prejudice lie beyond the permissive range of propriety.

*Solorio v. Atchison, T. & S. F. Ry. Co.*, 224 F.2d 544, 547 (10th Cir. 1955).

## APPLICATION

The Court agrees with Plaintiff that Defendants give the Court nothing objective to consider in deciding what language, phrases or evidence the Court should deem improper. Defendants complain about amorphous and ill-defined concepts rather than specific evidence which they believe Plaintiff will introduce or arguments which they believe Plaintiff might make. The Court is being asked to rule on abstract and generalized hypotheticals. In the absence of something more specific, the Court is unable and unwilling to grant their motion.

Furthermore, many of Defendants' arguments are based on faulty premises. Defendants seem to suggest that the Golden Rule argument may not be used for any purpose at trial. (Doc. 49–1 at 4–5.) This is incorrect. Golden Rule arguments are permissible on the ultimate question of liability. *Hymel v. UNC, Inc.*, 68 F.3d 467, 1995 WL 581622, at *5 (5th Cir. 1995) (unpublished) (finding no error in the trial court allowing the plaintiff to use the Golden Rule argument regarding the merits of defendant's defense of a factual error and stating "Our case law forbids the Golden Rule argument only in relation to damages"); *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983) ("The use of the Golden Rule argument is improper only in relation to damages. It is not improper when urged on the issue of ultimate liability" (citation omitted)); *Burrage v. Harrell*, 537 F.2d 837, 839 (5th Cir. 1976) (finding that argument related to the reasonableness of the defendants actions under emergency conditions was not an impermissible "Golden Rule" argument).[1]

---

1. Some Louisiana state court cases also treat Golden Rule arguments this way. *See Duerden* *v. PBR Offshore Marine Corp.*, 471 So.2d

Contrary to what is suggested by Defendants, in determining whether or not a defendant acted negligently, *i.e.*, failed to exercise reasonable care, the jury is entitled to consider alternative courses of action available to that defendant. *See Pizzetta v. Lake Catherine Marina, LLC*, 2008-0648 (La. App. 4 Cir. 9/17/08); 995 So.2d 26, 32 ("It is hornbook law that negligence is the failure to exercise the standard of care that a reasonable prudent person would have exercised in a similar situation"); *See also Soileau v. S. Cent. Bell Tel. Co.*, 406 So.2d 182, 183 (La. 1981) ("Negligence is a failure to observe or do something that one ought to have observed and done, and would have done or noticed with ordinary care" (citations omitted)).

■ As pointed out by Plaintiff, Louisiana's duty risk analysis requires the plaintiff to prove:

(1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages.

*Christy v. McCalla*, 2011-0366 (La. 12/6/11); 79 So.3d 293, 299 (citing *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217, p. 6 (La. 4/3/02), 816 So.2d 270, 275–76)). In this connection, juries are generally entitled to hear evidence of applicable safety rules and standards. *See, e.g., Baham v. Nabors Drilling USA, LP*, 721 F.Supp.2d 499 (W.D. La. 2010), *aff'd sub nom. Baham v. Nabors Offshore Corp.*, 449 Fed.Appx. 334 (5th Cir. 2011) ("Violations of [national safety institute standards] are not bases for negligence

*per se* as they are not legislative enactments, laws or regulations... Nevertheless, in some cases, those standards might be applicable to establish the standard of care under a general negligence analysis"(citations omitted)); *Bergeron v. Wal-Mart Stores, Inc.*, 617 So.2d 179, 180 (La. App. 3 Cir. 1993) (reducing percentage for which plaintiff was comparatively at fault in part because of defendant's failure to comply with "numerous safety standards"); *Bowles v. Litton Indus., Inc., Monroe Sys. for Bus. Div.*, 518 So.2d 1070, 1075 (La. App. 5 Cir. 1987) ("The ANSI standards represent precautionary measures adopted through the consensus of governmental agencies, industry concerns, labor representatives and insurance companies. Such standards, while not definitive in assessing liability, do provide guidelines for determining whether a condition presents an unreasonable risk of harm." (collecting cases)).

And, contrary to Defendants' suggestion, in determining whether a litigant (plaintiff or defendant) was negligent, the jury is certainly entitled to consider whether the litigant "needlessly endangered the public" and whether "safety was his top priority." (*See* Doc. 49–1 at 7.) While not necessarily determinative as to whether the litigant acted reasonably under the circumstances, such information is certainly relevant. *See McLachlan v. N.Y. Life Ins. Co.*, 488 F.3d 624, 627 (5th Cir. 2007) (when determining the existence of a duty and "whether the duty extends to protect a particular plaintiff from a particular harm" Louisiana jurisprudence "looks to moral, social, and economic factors" (citations omitted)).

It is well-settled in Louisiana jurisprudence that statutory violations provide

1111, 1114 (La. App. 3 Cir.1985) (finding that defendants arguments directed to the reasonableness of some action taken by the plaintiff, rather than to the issue of damages, was a permissible use of a "Golden Rule" argument).

guidelines for civil liability. *Smolinski v. Taulli*, 276 So.2d 286, 289 (La. 1973) ("While statutory violations are not in and of themselves definitive of civil liability, they may be guidelines for the court in determining standards of negligence by which civil liability is determined"); *see Laird v. Travelers Ins. Co.*, 263 La. 199, 267 So.2d 714 (1972); *Pierre v. Allstate Ins. Co.*, 257 La. 471, 242 So.2d 821 (1971). Thus, in a case like this one, involving a motor vehicle collision, juries are entitled to consider applicable state and city traffic laws. *See Brewer v. J.B. Hunt Transp., Inc.*, 2009-1408 (La. 3/16/10); 35 So.3d 230, 241 (considering Louisiana traffic statutes when determining the duties of a motorist making a lane change).

Finally, Defendants suggest that a lawyer's appeal for the jury to act as the "conscience of the community" is per se improper. (*See* Doc. 49–1 at 5.) That is simply not the case. Indeed, one of the cases relied upon by Defendants herein, *United States v. Solivan*, 937 F.2d 1146, 1151 (6th Cir. 1991), states "[u]nless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not per se impermissible."

■ There are circumstances in which the argument may be improper. Although "the jury has a duty to balance the claims and interests of the parties, weigh the risks and gravity of the harm, and consider as well the individual and societal rights and obligations" when determining whether there is an unreasonable risk of harm in a negligence case, Plaintiffs should avoid appealing to the prejudices of the jury. *Hamilton v. Kansas City S. Ry. Co.*, 97-1650 (La. App. 3 Cir. 4/1/98); 710 So.2d 358, 360. The Fifth Circuit has explained

> Arguments which invite a jury to act on behalf of a litigant become improper "conscience of the community" arguments when the parties' relative popular appeal, identities, or geographical locations are invoked to prejudice the viewpoint of the jurors. The improper remarks become the basis for granting a new trial when the trial judge, with the benefit of his or her firsthand knowledge of the entire proceedings, believes that the remarks infected the deliberations and conclusions of the jury.

*Guar. Serv. Corp. v. Am. Employers' Ins. Co.*, 893 F.2d 725, 729 (5th Cir. 1990), *opinion modified on reh'g*, 898 F.2d 453 (5th Cir.1990). Thus, although the Fifth Circuit "has condemned 'community conscience' arguments as unfairly prejudicial," *Reese v. Mercury Marine Div. of Brunswick Corp.*, 793 F.2d 1416, 1429 (5th Cir. 1986) (citing *Westbrook*, 754 F.2d at 1238–39), whether or not such an appeal is impermissible depends upon the context of the argument and the manner in which it is made, information not provided by Defendants in this motion. *See id.* ("It is far from clear that the few isolated remarks cited by [defendant] constituted an impermissible appeal to the conscious of the community"); *cf. Westbrook*, 754 F.2d at 1238 (concluding that plaintiff's attorney "exceeded the limits of advocacy as to cause a prejudicial verdict" when he repeatedly asked the jurors to act as the conscience of the local community with an "us-against-them plea" that had "no appeal other than to prejudice by pitting 'the community' against a nonresident corporation."). Without more, the Court is unwilling to issue a blanket order prohibiting the parties from using an appeal to the "conscious of the community."

## CONCLUSION

The Court will instruct jurors that they are not to decide the case based on prejudice or passion. The Court will rule on objections raised by either party alleging that the questions or arguments of counsel violate this important principle. However,

Defendants have failed to demonstrate an articulate concern that Plaintiffs will or may violate this principle. For the reasons given, Defendants' motion is denied.

